UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLERIDGE B. STROUD,<br><br>                               Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>                              Respondent. | Case No.: 19-CV-924-JLS(WVG)<br><br>REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS |

On May 26, 2019, Coleridge Stroud ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his sentence under California's "Three Strikes Law," Cal. Pen. Code § 667, arguing that the trial court abused its discretion by denying his motion to strike his prior "strikes" under *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996). Respondent contends that there is no basis for habeas relief because Petitioner's claim does not implicate his federal constitutional rights and fails to illustrate how state courts misapplied United States Supreme Court authority. For the reasons set forth below, the Court RECOMMENDS the Petition be DENIED.

## I.    BACKGROUND

Petitioner was convicted of multiple felonies and received two "strikes" for armed robbery and attempted armed robbery in 1992. He was sentenced to 10 years, 8 months in

state prison. In 2015, after 20 years of no criminal activity, Petitioner committed a series of crimes in rapid succession. After stealing a car and while released on bail for the same, he kidnapped a woman by having her drive him around downtown San Diego, sexually assaulted her, and after she fled, he led police in a high-speed chase that culminated in his eventual capture in San Diego Bay.

Stroud pled guilty in San Diego County Superior Court to carjacking (Cal. Pen. Code § 215(a)), kidnapping (Cal. Pen. Code § 207(a)), robbery (Cal. Pen. Code § 211), reckless evading of police (Cal. Veh. Code § 2800.2(a)), and misdemeanor sexual battery (Cal. Pen. Code §243.4(e)(1)). He also admitted that he was out on bail at the time of these offenses (Cal. Pen. Code § 12022.1(b)), that he had one serious prior felony conviction (Cal. Pen. Code § 667(a)) and two prior strike convictions (Cal. Pen. Code § 667(b)-(i)). The trial court dismissed the out-on-bail enhancement.

Stroud moved the trial court to exercise its discretion to strike the priors pursuant to *Romero*. The trial judge denied the motion to dismiss either of the prior strikes and sentenced Stroud to a total term of 38 years-to-life.[1] Stroud appealed, arguing that the trial court abused its discretion in denying the *Romero* motion. The California Court of Appeal rejected that claim and affirmed the judgment. The California Supreme Court summarily denied Stroud's petition for review without comment.

Petitioner now raises the same question of the trial court's abuse of *Romero* discretion in his habeas claim. His petition to this Court is nearly the same brief in content as his brief on direct appeal.

This Court gives deference to state court findings of fact and presumes them to be correct unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35 (1992) (holding that findings of fact are entitled to statutory presumption of correctness). The

---

[1] The sentence is a determinate term of 11 years plus an indeterminate term of 27 to life. (See Lodgments 8-11 at 29.)

following facts are taken from the California Court of Appeal's opinion on Petitioner's direct appeal, affirming the judgment of the trial court:

> Stroud stipulated that the preliminary hearing transcript provides the factual basis for his plea. D.P. testified at that hearing that on April 12, 2015, at around 9:05 p.m., she was driving in downtown San Diego to pick up her boyfriend. When she stopped at a traffic light, Stroud forced his way into her car and ordered her to drive away or he would hurt her. Stroud told her he was going to a house to buy drugs. Stroud took away her phone and when her boyfriend called, told him D.P. was safe and was doing Stroud a favor by giving him a ride. Stroud directed her to park near a house that was under construction. Stroud turned off the ignition and lights, and took the car keys. Stroud touched D.P. on her vagina over her clothing. They fought in the vehicle and, eventually, D.P. ran away and called the police.
> Shortly afterwards, a San Diego Harbor Police officer saw D.P.'s vehicle, which had been reported stolen. The officer activated his emergency lights and sirens. Stroud, who was driving D.P.'s vehicle, continued driving at about 60 miles per hour in a 45-mile-per-hour zone. Stroud crashed into a pole, refused police orders to get on the ground, and jumped into the San Diego bay.
> The probation report set forth Stroud's history of criminal convictions starting in 1989. That year, Stroud was already over 21 years old when he was convicted of felony drug possession and receiving stolen property. In 1991, he was convicted of receiving stolen property and, in a separate incident, unlawful driving or taking of a car. In 1992, he was convicted of his two strike offenses of armed robbery and attempted second degree robbery, for which he was sentenced to ten years eight months in prison. The probation officer's report of that incident stated: "The two victims in this matter are apparently husband and wife. They were sitting on a curb by a shopping center, waiting for a bus. They observed [Stroud] arrive at the location in a car and to pull into the parking lot. [Stroud] approached the victims from behind, and handed them a sheet of paper with an address on it, and asked [one of the victims] if she knew where it was. [Stroud] then pulled out a chrome plated pistol and grabbed the victim's purse, gaining control of the purse. [Stroud] then walked up to the [second victim] and pointed the pistol at him and stated, 'give me your

> wallet, mother fucker.' The victim, who apparently speaks little,
> if any, English did not understand, and began to unstrap his watch.
> At this point, [Stroud] began to slowly back up to his car, got in
> the car, and drove off."

(Lod. 5, ECF No. 8-14 at 2-4.); *see also People v. Stroud*, No. D071371, 2018 Cal. App. Unpub. LEXIS 500, at *2-4 (Cal. Ct. App. 2018).

## II. STANDARD OF REVIEW

This Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed after April 24, 1996 and Petitioner is in custody pursuant to the judgment of a state court. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *Mann v. Ryan*, 828 F.3d 1143, 1151 (9th Cir. 2016). Under AEDPA, a court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), unless the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

The Court does not review the state court adjudications de novo; rather the test is whether the standards under § 2254 apply. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (holding that federal habeas courts are to focus solely on whether § 2254 forecloses habeas relief). Where there is no reasoned decision from the highest state court to which the claim was presented, the court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's summary denial of review. *See Wilson v. Sellers*, __ U.S. __, 138 S. Ct. 1188, 1192 (2018); *Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991).

## III. DISCUSSION

**A. Petitioner's *Romero* Claim is Not Subject to Federal Habeas Review.**

Petitioner's sole contention is that the trial court abused its discretion when it denied the *Romero* motion to strike his prior offenses. Respondent contends that there is no basis

for federal habeas relief, as the petition fails to state a claim for which relief is available. This Court agrees that Petitioner's claim provides no basis that allows issuance of the writ.

Petitioner's claim of an abuse of *Romero* discretion is fundamentally a question of California law and fails to satisfy the requirement of § 2254(d)(1) as "contrary to" any federal law or constitutional mandate subject to federal habeas review. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[S]imple errors of state law do not warrant federal habeas relief." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (citing *Estelle,* 502 U.S. at 67). The issue is "whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point." *Holley*, 568 F.3d at 1101 (citing *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68 (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)); *see also Johnson v. Sandor*, 396 F. App'x 375, 376 (9th Cir. 2010); *Lopes v. Campbell*, 408 F. App'x 13, 15-16 (9th Cir. 2010).

Furthermore, on the specific question of whether a federal court can review state court *Romero* determinations, the Ninth Circuit has affirmed district court rulings denying habeas relief. *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) *judgment vacated on other grounds*, *Mayle v. Brown*, 538 U.S. 901 (2003) ("The district court correctly concluded that this state law claim is not cognizable on federal habeas review."); *see also Rood v. Swarthout*, No. 12CV01476-AC-P, 2019 U.S. Dist. LEXIS 107291, at *19 (E.D. Cal. June 26, 2019) ("Petitioner's *Romero* claim is a question of California law and is not cognizable on federal habeas review."); *Johnson v. Lizarraga*, No. ED CV 17-2076-CJC(RAO), 2018 U.S. Dist. LEXIS 218802, at *66-68 (C.D. Cal. Dec. 10, 2018); *Palmer v. Madden*, No. 16CV2130-BAS(BGS), 2017 U.S. Dist. LEXIS 155550, at *41 (S.D. Cal. Sept. 22, 2017) ("Sentencing error claims, like the one asserted here, generally do not raise a federal

constitutional question and are not cognizable on federal habeas review."); *Porter v. Biter*, No. C16-0733-NC(PR), 2016 U.S. Dist. LEXIS 56242, at *3 (N.D. Cal. April 27, 2016) ("[W]hether or not the trial court correctly used its discretion in denying Petitioner's Romero motion is a matter of state, not federal, law.").

Accordingly, this Court finds no basis to issue a writ of habeas corpus for what is otherwise purely a state law question.[2]

**B. Petitioner's Disproportionality Claim is Not Subject to Federal Habeas Review.**

Petitioner, on page 4 of his petition states: "Also, Appellant's Federal Constitutional Right to Equal Protection, is violated inwere [sic] Petitioner['s] sentence was disproportionate to other sentences for the closely related conditions, as in" and cites *People v. Vargas*, 59 Cal. 4th 635 (2014), *Solem v. Helm*, 463 U.S. 277 (1983), and *Harmeliam* [sic] *v. Mich.*, 501 U.S. 957 (1991). However, Petitioner's reliance on *Solem* and *Harmelin* is severely misplaced. *Solem* merely held that the Eighth Amendment prohibited "a life sentence without possibility of parole for a seventh nonviolent felony." 463 U.S. at 279. *Harmelin* then overruled *Solem*, upholding a life sentence without parole for a man who possessed 672 grams of cocaine, and further held that the Eighth Amendment has "no guarantee of proportionality." 501 U.S. at 964-65.

The Supreme Court case on point for California's three strikes law is *Ewing v. California*, 538 U.S. 11 (2003). In that case, the Supreme Court held "that Ewing's sentence of 25 years to life in prison, imposed for the offense of felony grand theft under the three strikes law, is not grossly disproportionate and therefore does not violate the Eighth

---

[2] Although beside the point, the record fully supports that the trial court did not abuse its discretion. In a well-reasoned and thoughtful explanation, the state judge examined Petitioner's criminal history juxtaposed against his service to the community and concluded that on balance that Petitioner's sentence was not outside the spirit of the Three Strikes law. (Doc. No. 1 at 15-17.)

Amendment's prohibition on cruel and unusual punishments." *Ewing*, 538 U.S. at 30. Ewing received his third strike for stealing three golf clubs valued at $399 each. *Id.* at 18.

The Supreme Court decided *Ewing* the same day it decided *Lockyear v. Andrade*, 538 U.S. 63 (2003), where the defendant was sentenced to 50 years to life for his third and fourth strikes when he stole nine videotapes from two different stores. 538 U.S. at 66-68. In *Lockyear*, the majority upheld the three strikes law and stated the lens through which federal courts are to view recidivist sentences: "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case. In applying this principle for § 2254(d)(1) purposes, it was not an unreasonable application of our clearly established law for the California Court of Appeal to affirm Andrade's sentence of two consecutive terms of 25 years to life in prison." 538 U.S. at 77.

For the reasons stated in Part A, Petitioner's invocation of *Vargas*, 59 Cal. 4th 635, is not binding as to the issue before this Court. Federal habeas relief does not lie for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The crimes to which Petitioner pled are more heinous than those in *Lockyear* and *Ewing*. This is not the "extraordinary case" that amounts to a constitutional violation. The facts here compel the conclusion that the California courts did not unreasonably apply clearly established federal law. To the contrary, Supreme Court precedent largely supports state prerogatives on recidivist sentencing schemes. This Court therefore finds no disproportionate punishment basis under the California trial court's sentence that warrants habeas review.

## IV. CONCLUSION

For the aforementioned reasons, the Court RECOMMENDS Petitioner's Petition for Writ of Habeas Corpus be DENIED.

This Report and Recommendation is submitted to the assigned District Judge pursuant to the provision of 28 U.S.C. section 636(b)(1).

**IT IS ORDERED** that no later than **December 7, 2019** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to objections shall be filed with the Court and served on all parties no later than **December 17, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: October 28, 2019

Hon. William V. Gallo
United States Magistrate Judge