UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

COLERIDGE B. STROUD,

Petitioner,

v.

ROBERT NEUSCHMID, Warden,

Respondent.

Case No.: 19-CV-924 JLS (WVG)

**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY**

(ECF Nos. 1, 13)

Presently before the Court is Magistrate Judge William V. Gallo's Report and Recommendation ("R&R," ECF No. 13). Magistrate Judge Gallo recommends that the Court deny Petitioner Coleridge Stroud's Petition for Writ of Habeas Corpus (ECF No. 1). Petitioner did not object to the R&R. Having considered Magistrate Judge Gallo's R&R, the Parties' arguments, and the law, the Court rules as follows.

## BACKGROUND

Magistrate Judge Gallo's R&R contains a complete and accurate recitation of the relevant factual and procedural histories underlying the Petition. *See* R&R at 1–4. This Order incorporates by reference the background as set forth therein.

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation.  The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).  In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Petitioner, who in 2015 pled guilty to carjacking, kidnapping, robbery, reckless evading of police, and misdemeanor sexual battery, *see* R&R at 2, and "admitted that he was out on bail at the time of these offenses, [and] that he had one serious prior felony conviction and two prior strike convictions," *id.* (citations omitted), raises two grounds for relief in his Petition.

First, Petitioner challenges "his sentence under California's 'Three Strikes Law,' Cal. Pen. Code § 667, arguing that the trial court abused its discretion by denying his motion to strike his prior 'strikes' under *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996)." R&R at 1.  Magistrate Judge Gallo determined this "claim provides no basis that allows issuance of the writ" because "Petitioner's claim of an abuse of *Romero* discretion is fundamentally a question of California law and fails to satisfy the requirement of § 2254(d)(1) as 'contrary to' any federal law or constitutional mandate subject to federal habeas review." *Id.* at 5.

Second, Petitioner argues his sentence violates the Eighth Amendment because it was "disproportionate to other sentences for the closely related conditions." *Id.* at 6.  Magistrate Judge Gallo concluded that "[t]his is not the 'extraordinary case' that amounts to a constitutional violation" because, based on the record, "the California courts did not

unreasonably apply clearly established federal law." *Id.* at 7. Judge Gallo therefore found "no disproportionate punishment basis under the California trial court's sentence that warrants habeas review." *Id.*

Because Petitioner failed timely to object to Magistrate Judge Gallo's R&R, *see* R&R at 8 (directing that any objections be filed by December 17, 2020), the Court reviews the R&R for clear error. The Court finds that the R&R is well reasoned and contains no clear error. Accordingly, the Court **ADOPTS** in its entirety Magistrate Judge Gallo's R&R (ECF No. 13) and **DENIES** the Petition (ECF No. 1).

## CERTIFICATE OF APPEALABILITY

The Court also is obliged to determine whether to issue a COA in this proceeding. A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus relief, the questions presented by the Petition do not warrant further proceedings. Accordingly, the Court **DENIES** a COA.

///

///

///

///

**CONCLUSION**

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Gallo's R&R in its entirety (ECF No. 13), **DENIES** the Petition (ECF No. 1), and **DENIES** a certificate of appealability.   Accordingly, the Clerk of Court **SHALL ENTER** Judgment denying the Petition and **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  August 18, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge